TYACK, P.J., dissenting.
 

 {¶ 137} The Ohio Constitution contains an Ohio Bill of Rights. Article I, Section 10, provides:
 

 Except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous,
 crime, unless on presentment or indictment of a grand jury and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.
 

 {¶ 138} I draw attention to the right set forth in the Ohio Constitution that requires that an accused have a "speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." All judges, prosecutors, and legislators swear an oath to uphold the Ohio Constitution, including the provisions in Article I, Section 10, Ohio Constitution.
 

 {¶ 139} The legislature has enacted R.C. 2901.12, Venue. R.C. 2901.12(H) reads:
 

 When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:
 

 (1) The offenses involved the same victim, or victims of the same type or from the same group.
 

 (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.
 

 (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.
 

 (4) The offenses were committed in furtherance of the same conspiracy.
 

 (5) The offenses involved the same or a similar modus operandi.
 

 (6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.
 

 {¶ 140} R.C. 2901.12(H) clearly conflicts with the requirement of Article I, Section 10, Ohio Constitution that an offense be tried in the county in which it is alleged to have been committed. A statute does not undo a provision of the Ohio Constitution and does not take precedence over it. However, Article I, Section 10, Ohio Constitution clearly places an inconvenient burden on prosecuting attorneys and assistant prosecuting attorneys. In Armengau's case, Article I, Section 10 means that there should have been two trials, one in Marion County, Ohio and one in Franklin County.
 

 The majority opinion goes to some length to explain why the Ohio Constitution did not need to be followed. I would uphold the Ohio Constitution.
 

 {¶ 141} My second concern about the proceedings against Armengau is the fact that a great deal of prejudicial evidence was placed before the jury and then the prosecution was permitted to argue that even though some of the evidence was utterly incredible, there was so much of it that Armengau must be guilty of something.
 

 {¶ 142} A third concern is related. The prosecution presented evidence which indicated that part of what Armengau did was immoral, as opposed to being illegal or proof of a crime. Criminal trials in Ohio are supposed to be proceedings which fairly determine if a person has violated a provision of the Ohio Revised Code. Criminal trials should not become a game in which the prosecution or defense is trying to "win." Viewing trials as a game risks having one side or the other trying to insert allegations which have nothing to do with the guilt or innocence of the crime charged in the indictment. For instance, having consensual sexual contact with another is not a crime in Ohio and is not proof of a crime.
 

 {¶ 143} I believe the second assignment of error should be sustained and the charges against Armengau be tried again in a truly fair proceeding.
 

 {¶ 144} If the second assignment of error were sustained, the other assignments of error become moot. Since I would sustain the second assignment of error, I dissent from all of the majority opinion except part of the analysis of the so-called merger issue, R.C. 2941.25.